**SKAPIK LAW GROUP**
Mark J. Skapik (SBN 164957)
Geralyn L. Skapik (SBN 145055)
Blair J. Berkley (SBN 222293)
Matthew T. Falkenstein (SBN 333302)
Roxanne A. Markus (SBN 362400)
5861 Pine Avenue, Suite A-1
Chino Hills, California 91709
Telephone: (909) 398-4404
Facsimile: (909) 398-1883

Attorneys for Plaintiff SPENCER RYAN ADAM CASTILLO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SPENCER RYAN ADAM CASTILLO,

Plaintiffs,

vs.

DEPUTY R. PEQUENO; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 8:26-cv-00017-FWS-DFM

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1. 42 U.S.C. § 1983 (Fourth Amendment – Excessive Force)
2. 42 U.S.C. § 1983 (Fourth & Fourteenth Amendment – Denial of Medical Care)

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

1. Plaintiff SPENCER RYAN ADAM CASTILLO, for his complaint against DEPUTY R. PEQUENO, and DOES 1-10, inclusive, hereby alleges as follows:

## INTRODUCTION

2. This civil rights action seeks compensatory, general, special, and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the arrest and use of force against Plaintiff SPENCER RYAN ADAM CASTILLO by members of the Orange County Sheriff's Department. The Orange County Sheriff's Department is owned and operated by COUNTY OF ORANGE.

## PARTIES

3. At all times relevant, Plaintiff SPENCER RYAN ADAM CASTILLO ("Plaintiff") was an individual residing in the County of Orange, California.

4. Defendant DEPUTY R. PEQUENO ("PEQUENO"), first name unknown, is and was a deputy at the Orange County Sheriff's Department, which is owned and operated by the COUNTY OF ORANGE ("COUNTY").

5. At all times relevant, PEQUENO and DOES 1-10, inclusive, were duly authorized employees and agents of the COUNTY, who were acting under color of law within the course and scope of their respective duties as sheriff's deputies and with the complete authority and ratification of their principal, Defendant COUNTY.

6. At all times relevant, PEQUENO and DOES 1-10, inclusive, were duly appointed Sheriff's Deputies and employees or agents of the COUNTY, subject to oversight and supervision by the COUNTY's elected and non-elected officials.

7. In doing the acts and failing and omitting to act as hereinafter described, PEQUENO and DOES 1-10, inclusive, were acting on the implied and actual permission and consent of the COUNTY.

8. At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant, and had the legal duty to oversee and

supervise the hiring, conduct, and employment of each and every other COUNTY defendant.

9. The true names of defendants DOES 1-10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

10. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth Amendment of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrence giving rise to this action occurred in the County of Orange, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 12 of this complaint with the same force and effect as though fully set forth herein.

13. On or about December 9, 2024, Plaintiff was at the Ralphs located at 23716 El Toro Road in Lake Forest, California. On information and belief, on December 9, 2024, Plaintiff was wrongfully accused by an employee of the Ralphs that Plaintiff had stolen some small items, including two BIC lighters and a bottle of shaving cream. Plaintiff then left the Ralphs and began walking on El Toro road.

14. Plaintiff was approached by PEQUENO and DOES 1-10, inclusive, while Plaintiff was standing at the corner of El Toro Road and Rockfield boulevard. On information and belief, PEQUENO and DOES 1-10, inclusive, did not attempt to contact Plaintiff or talk to him.

15. Instead, PEQUENO and DOES 1-10, inclusive, simply walked up to Plaintiff and grabbed his arm. Shocked, Plaintiff pulled away from PEQUENO and DOES 1-10, inclusive. In response, PEQUENO escalated the situation by performing a takedown technique, causing Plaintiff to fall to the ground. Plaintiff landed on his chest when he fell to the ground. When Plaintiff fell to the ground, he cried out in pain and surprise because he was unable to break his fall.

16. PEQUENO then slammed his entire bodyweight into Plaintiff's back with excessive and unreasonable force. PEQUENO used his left knee to hold Plaintiff in place and to cause severe injuries. By applying all of his bodyweight to Plaintiff, PEQUENO cut off Plaintiff's air supply and placed him in a positional asphyxiation position.

17. DOES 1-10, inclusive, joined in the excessive force being used on Plaintiff, placing all of their body weight on Plaintiff's back. Plaintiff was placed in a dangerous positional asphyxiation position that caused him intense pain, suffering, and distress.

18. The accumulated pressure of all of PEQUENO and DOES 1-10, inclusive, on Plaintiff's back caused him to strike his head on the ground, causing further injuries. Plaintiff's arms were wrenched behind his back and Plaintiff heard and felt a sharp crack in both of his wrists.

19. At the time of the incident, Plaintiff was approximately 6 feet tall and weighed approximately 140 pounds.

20. On information and belief, at the time of the incident, PEQUENO was approximately 6-foot 2-inches tall and weighed approximately 240-260 pounds.

21. Plaintiff was arrested and taken to one of the COUNTY's jail facilities. Plaintiff was not seen by any medical professionals despite requesting medical help and needing medical attention.

22. While Plaintiff was in the COUNTY's custody, he was suffering from immense pain, shortness of breath, dizziness, and fatigue. Plaintiff repeatedly requested medical care but DOES 1-10, inclusive, routinely denied medical care to Plaintiff.

23. Unbeknownst to Plaintiff, during his arrest, PEQUENO had broken at least two of Plaintiff's ribs and punctured one of Plaintiff's lungs. Plaintiff's lungs began to fill with fluid, causing immense pain and suffering and making it very difficult for Plaintiff to breathe.

24. Plaintiff had to be taken to his arraignment in a wheelchair due to the difficulty in breathing he was suffering. Plaintiff was in the COUNTY's jail facility for at least three (3) days without receiving any medical care for his injuries. When Plaintiff arrived at his arraignment, the judge was able to see the serious nature of his injuries and directed that Plaintiff be taken to a hospital in order to receive treatment.

25. Once Plaintiff was taken to the hospital he was diagnosed with fractured ribs and a punctured lung. Plaintiff's lung had to be drained, but due to the delay in care, Plaintiff was not and to this day has not been able to recover to full 100% lung capacity.

26. Plaintiff also suffered injuries to his wrists and head as a result of the unreasonable force used by the Defendants.

## I.

## FIRST CLAIM FOR RELIEF

**42 U.S.C. § 1983 (Fourth Amendment – Excessive Force)**

(By Plaintiff against Defendants PEQUENO DOES 1-10, inclusive)

27. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 27 of this complaint with the same force and effect as though fully set forth herein.

28. The unjustified uses of excessive and unreasonable force by PEQUENO and DOES 1-10, inclusive, against Plaintiff, deprived Plaintiff of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. PEQUENO and DOES 1-10, inclusive, used excessive and unreasonable force against Plaintiff when they, and each of them, tackled him, threw him to the ground, beat him, and placed him in a positional asphyxiation position with their

entire bodyweights on Plaintiff's back, causing him to suffer broken ribs and a punctured lung.

29. PEQUENO and DOES 1-10, inclusive, struck Plaintiff repeatedly with fists and batons, and applied their entire bodyweight to his back while he was in a prone position.

30. The unreasonable force used by PEQUENO and DOES 1-10, inclusive, described above, deprived Plaintiff of his rights to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31. As a result of the excessive and unreasonable force used by PEQUENO and DOES 1-10, inclusive, Plaintiff suffered physical injury, broken ribs, a punctured lung, injuries to his wrists, a head injury, pain, suffering, emotional distress, and loss of enjoyment of life.

32. PEQUENO and DOES 1-10, inclusive, are liable for Plaintiff's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these constitutional violations, despite having a reasonable opportunity to do so.

33. The use of excessive force in this instance was unreasonable under the circumstances because it was without probable cause and deprived Plaintiff of his Fourth Amendment right to be free of unreasonable seizures.

34. In using such excessive and unreasonable force against Plaintiff, PEQUENO and DOES 1-10, inclusive, were acting intentionally and under color of state law.

35. The conduct of PEQUENO and DOES 1-10, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to DOES 1-10, inclusive.

36. Plaintiff also seeks attorneys' fees and costs under this claim.

## II.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983 (Fourth & Fourteenth Amendment – Denial of Medical Care)

(By Plaintiff against DOES 1-10, inclusive)

37. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 27 of this complaint with the same force and effect as though fully set forth herein.

38. On or about, December 9, 2024, Plaintiff was in the custody of and under the care of DOES 1-10, inclusive, who were acting under color of state law as deputies of the COUNTY.

39. DOES 1-10, inclusive, had a duty to provide Plaintiff with medical care upon his request. DOES 1-10, inclusive, received multiple written and oral requests for medical care from Plaintiff while he was in their custody and care. With deliberate indifference to Plaintiff's health and constitutional rights, DOES 1-10, inclusive, deliberately ignored Plaintiff's requests for medical care.

40. The decisions of DOES 1-10, inclusive, to actively ignore the multiple grievances submitted by Plaintiff put Plaintiff at substantial risk of suffering serious harm.

41. Plaintiff had a constitutional right to necessary medical care while in the care and custody of the COUNTY.

42. At all times relevant, DOES 1-10, inclusive, were aware of the serious injuries that Plaintiff sustained during his arrest. Despite this knowledge, DOES 1-10, inclusive, failed to provide Plaintiff with any medical care while he was in their custody.

43. DOES 1-10, inclusive, did not take reasonable available measures to meet Plaintiff's health-care requirements and to abate the risk of him suffering serious harm, even though a reasonable deputy in the circumstances would have appreciated the high degree of risk involved in totally ignoring the symptoms exhibited by Plaintiff and the serious and traumatic nature of his injuries.

44. By not taking reasonable available measures to meet Plaintiff's healthcare requirements, DOES 1-10, inclusive, caused Plaintiff to suffer serious and continuous harm.

45. By continuously denying medical care to Plaintiff, DOES 1-10, inclusive, were acting intentionally and under state law.

46. The conduct of DOES 1-10, inclusive, was intentional, malicious, oppressive, and in reckless disregard of Plaintiff's constitutional rights, health, and safety, and therefore warrants the imposition of punitive and exemplary damages.

47. Plaintiff also seeks to recover attorneys' fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests an entry of judgment in his favor and against Defendants COUNTY OF ORANGE, DEPUTY R. PEQUENO, and DOES 1-10, inclusive, as follows:

A. For Compensatory damages in the amount to be proven at trial;
B. For punitive damages against PEQUENO and DOES -10, inclusive, in an amount to be proven at trial;
C. For interest;
D. For reasonable costs of this suit and attorneys' fees; and
E. For such other further relief as the Court may deem just, proper, and appropriate.

SKAPIK LAW GROUP

Dated: March 27, 2026

By: */s/ Matthew T. Falkenstein*

Mark J. Skapik
Geralyn L. Skapik
Blair J. Berkley
Matthew T. Falkenstein
Roxanne A. Markus
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

SKAPIK LAW GROUP

Dated: March 27, 2026

By: */s/ Matthew T. Falkenstein*

Mark J. Skapik
Geralyn L. Skapik
Blair J. Berkley
Matthew T. Falkenstein
Roxanne A. Markus
Attorneys for Plaintiff