WOODRUFF & SMART, APC
CAROLINE A. BYRNE - State Bar No. 196541
cbyrne@woodruff.law
BRIAN A. MOORE - State Bar No. 252900
bmoore@woodruff.law
555 Anton Boulevard, Suite 1200
Costa Mesa, California 92626-7670
Telephone:  (714) 558-7000
Facsimile:   (714) 835-7787

Attorneys for Defendant DEPUTY ROBERT PEQUENO, as employee of COUNTY OF ORANGE, a public entity (erroneously named as Deputy R. Pequeno)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER RYAN ADAM CASTILLO,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY R. PEQUENO; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 8:26-CV-00017-FWS-DFM<br><br>BEFORE THE HONORABLE FRED W. SLAUGHTER COURTROOM 10D<br><br>**STIPULATION AND PROPOSED PROTECTIVE ORDER**<br><br>HEARING DATES PENDING:<br>TITLE:  Pretrial Conference<br>DATE:  September 23, 2027<br>TIME;  8:30 a.m.<br>CTRM:  10D<br><br>TITLE:  Jury Trial<br>DATE:  October 12, 2027<br>TIME;  8:00 a.m.<br>CTRM:  10D |

IT IS HEREBY STIPULATED by and between the Parties to *Spencer Ryan Adam Castillo v. Deputy R. Pequeno, et al.*, Plaintiff Spencer Ryan Adam Castillo and Defendant Deputy Robert Pequeno, as employee of County of Orange, a public entity, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal and/or state law and privacy rights, the Parties stipulate as follows:

1

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

4900-8408-3117, v. 1

## 1. PURPOSES AND LIMITATIONS

A.      Discovery in this Action may involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this Action may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulation and Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2. GOOD CAUSE STATEMENT

In light of the nature of the claims and allegations in this Action and the Parties' representations that discovery in this Action may involve the production of confidential records, and to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonably necessary uses of such material in connection with this Action, to address their handling of such material at the end of the Action, and to serve the ends of justice, a protective order for such information is justified in this matter.

This Action may involve confidential information set forth in various types of records, including law enforcement investigative records, medical records, personnel records, and perhaps other materials subject to privacy protections for which special protection from public disclosure and from use for any purpose other than the prosecution or defense of this Action is warranted. Limiting disclosure of these documents to the context of this Action as provided herein will, accordingly, further important law enforcement objectives and interests, including the safety of personnel and the public, as well as individual privacy rights of Plaintiff, individual defendant(s), and third parties. Such confidential materials and information may consist of, among

2

4900-8408-3117, v. 1

other things, materials entitled to privileges and/or protections under the following: *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990); the Privacy Act of 1974, 5 U.S.C. § 552; Health Insurance Portability and Accountability Act of 1996 (HIPPA); other decisional law relating to such provisions; and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under federal or state statutes, principles of comity, court rules, case decisions, or common law. The County also contends that such confidential materials and information may consist of materials potentially subject to the official information privilege. Such confidential information may include, but is not limited to, law enforcement investigative records, medical records, personnel records, internal investigative files, email and written correspondence, and policies and procedures that are kept from the public in the ordinary course of business, as well as other information that is not generally available to the public and is subject to the official information privilege and/or other privileges.

The Parties agree to refrain from directly or indirectly disclosing or publicly disseminating Confidential documents or information obtained through the course of discovery or otherwise, specifically including, but not limited to, dissemination via billboard advertisements, print and online media organizations, or any other internet posting or social media. If any Party intends to use such Confidential materials for any purpose other than litigating this Action, the Party seeking public disclosure must first seek approval from the Court. The Parties shall not designate any information or documents as Confidential without a good faith belief that such information or documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record in this Action.

Plaintiff does not concede the grounds proposed by Defendants as the basis for this Protective Order, nor does Plaintiff waive the right to object to the designation of confidential material or to the information withheld based on the herein-described code

3

4900-8408-3117, v. 1

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

sections and privileges. However, in the interest of encouraging discovery and the exchange of documents and information, Plaintiff agrees to enter this Stipulated Protective Order so as to increase the flow of information in this matter

## 3.    ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The Parties further acknowledge, as set forth in Section 14.3, below, that this Stipulation and Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The Parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable— constitute good cause.

Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

4

supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 4. DEFINITIONS

4.1. <u>Action</u>: This pending federal lawsuit, *Spencer Ryan Adam Castillo v. Deputy R. Pequeno, et al.*, Case No. 8:26-CV-00017-FWS-DFM.

4.2. <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Stipulation and Order.

4.3. <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4. <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

4.5. <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4.6. <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.7. <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

5

4.8.  House Counsel: Attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.9  Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

4.10.  Outside Counsel of Record:  Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

4.11.  Party: Any party to this Action, including all of its officers, directors, employees, consultants, agents, representatives, retained experts, and Outside Counsel of Record (and their support staffs).

4.12.  Producing Party: A Party or Non-Party that produces Disclosures or Discovery Material in this Action.

4.13.  Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14.  Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4.15.  Receiving Party: A Party that receives Protected Material from a Producing Party.

**5.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

6

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Stipulation and Order does not govern the use of Protected Material at trial.

## 6. DURATION

Should this Action proceed to trial, Protected Material introduced as evidence at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this Stipulation and Order do not extend beyond the commencement of the trial with respect to Protected Material introduced as evidence at trial.

Except for Protected Material offered in evidence as described in the preceding paragraph, even after final disposition of this Action, the confidentiality obligations imposed by this Stipulation and Order shall remain in effect until a Designating Party agrees otherwise in writing, the Confidential item or information has been de-designated, or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 7. DESIGNATING PROTECTED MATERIAL

7.1. *Exercise of Restraint and Care in Designating Material for Protection*

Each Party or Non-Party that designates information or items for protection under this Stipulation and Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written

7

4900-8408-3117, v. 1

communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation and Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2.   *Manner and Timing of Designations*

Except as otherwise provided in this Stipulation and Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulation and Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulation and Order requires the following:

a.      For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

8

copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulation and Order. Then, before producing the specified documents, the Producing Party must affix "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.      For video or audio recordings, the Producing Party shall identify such recording as "CONFIDENTIAL" in the title/label of the electronic version of such recording.

c.      For testimony given, photographs, video, or audio footage taken, and exhibits and other documents used during depositions, the Designating Party shall identify the Protected Material on the record before the close of the deposition. Arrangements shall be made with the court reporter transcribing the deposition and the videographer taping the deposition to separately package such portions of the transcript or video containing information designated as Confidential, and to label such portions appropriately.

d.      For information produced in form other than documents and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

The "CONFIDENTIAL" stamp shall be affixed to documents and other tangible items in a manner that does not obscure the information contained thereon.

7.3.    *Inadvertent Failures to Designate*

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation and Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the

9

4900-8408-3117, v. 1

material is treated in accordance with the provisions of this Stipulation and Order.

## 8.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 8.1.    *Timing of Challenges*

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

### 8.2.    *Meet and Confer*

The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

### 8.3.    *Joint Stipulation*

Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## 9.    ACCESS TO AND USE OF PROTECTED MATERIAL

### 9.1.    *Basic Principles*

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

10

4900-8408-3117, v. 1

authorized under this Stipulation and Order.

9.2.    *Disclosure of "CONFIDENTIAL" Information or Items*

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.    The officers, directors, board members, council members, insurers (including third party administrators), employees, agents, and representatives (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.    Experts (as defined in this Stipulation and Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.    The Court and its personnel;

e.    Court reporters and their staff;

f.    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) that if the witness is a Non-Party, the deposing party requests that the witness and their attorney sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and

4900-8408-3117, v. 1

Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony; video or audio footage of deposition testimony; or exhibits to depositions that reveal Protected Material must be separately packaged by the court reporter and/or the videographer and may not be disclosed to anyone except as permitted under this Stipulation and Order; and

i.     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

**10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Receiving Party must:

a.     Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

b.     Promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation and Order. Such notification shall include a copy of this Stipulation and Order; and

c.     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

12

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

**11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

a.     The terms of this Stipulation and Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Stipulation and Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     Promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     Promptly provide the Non-Party with a copy of the Stipulation and Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     Make the information requested available for inspection by the Non-Party, if requested.

c.     If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its confidential material.

///

4900-8408-3117, v. 1

**12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in Stipulation and Order submitted to the Court.

**14. MISCELLANEOUS**

14.1. *Right to Further Relief*

Nothing in this Stipulation and Order abridges the right of any person to seek its modification by the Court in the future.

14.2. *Right to Assert Other Objections*

By entering into this Stipulation, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Order. Similarly, no Party waives any right to object

14

4900-8408-3117, v. 1

on any ground to use in evidence of any of the material covered by this Stipulation and Order.

14.3. *Filing Protected Material*

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of District Judge Fred W. Slaughter and/or Magistrate Judge Douglas F. McCormick. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 15.    FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 6, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulation and Order as set forth in Section 6.

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

15

4900-8408-3117, v. 1

**16.    VIOLATION**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: June 12, 2026                SKAPIK LAW GROUP

                                    /s/ Matthew T. Falkenstein
                                    MATTHEW T. FALKENSTEIN
                                    Attorneys for Plaintiff SPENCER RYAN
                                    ADAM CASTILLO

Dated: June 12, 2026                WOODRUFF & SMART, APC

                                    /s/ Brian A. Moore
                                    CAROLINE A. BYRNE
                                    BRIAN A. MOORE
                                    Attorneys for Defendant DEPUTY
                                    ROBERT PEQUENO, as employee of
                                    COUNTY OF ORANGE, a public entity
                                    (erroneously named as Deputy R. Pequeno)

Pursuant to local 5-4.3.4, I, Brian Moore, attests that Matthew T. Falkenstein concurs with the contents of this Stipulation and Order and has authorized the filing of the same.

Dated:  June 12, 2026               WOODRUFF & SMART, APC

                                    /s/ Brian A. Moore
                                    CAROLINE A. BYRNE
                                    BRIAN A. MOORE
                                    Attorneys Attorneys for Defendant DEPUTY
                                    ROBERT PEQUENO, as employee of
                                    COUNTY OF ORANGE, a public entity
                                    (erroneously named as Deputy R. Pequeno)

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: June 16, 2026                _____
                                    HON. DOUGLAS F. McCORMICK
                                    United States Magistrate Judge

16

4900-8408-3117, v. 1

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [DATE] in the case of *Spencer Ryan Adam Castillo v. Deputy R. Pequeno, et al.*, Case No. 8:26-CV-00017-FWS-DFM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of ____ _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

17

4900-8408-3117, v. 1